**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CHRISTINA CUNHA, individually and on
Behalf of a group of similarly situated
individuals,

Plaintiffs,

CASE NO. 1:15-cv-12900

v.

GLOBAL CLIENT SOLUTIONS, LLC,
an Oklahoma limited liability company;
GLOBAL HOLDINGS, LLC,
an Oklahoma limited liability company;
ROBERT MERRICK, an individual; and
MICHAEL HENDRIX, an individual;

Defendants.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005

("CAFA"),[1] and 28 U.S.C. § 1331, with full reservation of all defenses, Defendants, Global

Client Solutions, LLC ("Global"), Global Holdings, LLC ("Global Holdings"), Robert Merrick

("Merrick") and Michael Hendrix ("Hendrix"), (collectively referenced herein as "Defendants")

hereby remove this action from the Superior Court of the Commonwealth of Massachusetts to

the United States District Court, District of Massachusetts. In support of this Notice of Removal,

Defendants state the following:

**I.   Background.**

1.      On April 8, 2015, Plaintiff Christina Cunha ("Plaintiff") filed this lawsuit against

Defendants in the Superior Court of Massachusetts, Middlesex County, with the above caption

---

1. CAFA is codified as 28 U.S.C. §§ 1332(d) and 1453.

and case number 15-2378. Defendants were served with summons and Class Action Complaint on June 9, 2015.

2.      Generally, Plaintiff asserts that Defendants harmed Plaintiff and similarly-situated Massachusetts consumers by charging up-front or advanced fees in connection with debt-relief services in which they enrolled. Plaintiff also alleges that Defendants charged and received money or other valuable consideration to perform credit repair services before such services were fully performed. She likewise asserts that Defendants engaged in conduct and practices that are unfair and deceptive under Massachusetts law.

3.      More specifically, in Counts I through III of the five count Class Action Complaint, Plaintiff alleges Defendants Global, Merrick, and Hendrix violated the Consumer Financial Protection Act of 2010 ("CFPA") (Compl. ¶¶ 4, 34-46) and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA") predicated on violations of the Telemarketing Sales Rules ("TSR") (Compl. ¶¶ 4, 34-46). In Count IV, Plaintiff alleges Defendants violated the federal Credit Repair Organizations Act ("CROA") (Compl. ¶¶ 4, 47-49). Lastly, in Count V, Plaintiff asserts Global violated Massachusetts's Regulation of Business Practices for Consumer Protection ("MCPA") (Compl. ¶¶ 4, 50-53) based on allegedly unfair and deceptive business practices within Massachusetts.

4.      Plaintiff seeks to represent a class of Massachusetts consumers who she alleges are similarly situated to her: Massachusetts residents who paid money to Defendants as a result of contracts with debt relief service providers (Compl. ¶¶ 55, 57).

## II. Basis for Jurisdiction.

3.      This Court has jurisdiction over this removed action on two separate bases: under CAFA and 28 U.S.C. § 1331, because the CROA claim raises a federal question.

### a. **This Case is a "Class Action" under CAFA**

4. Jurisdiction over this action is proper, first, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453. Indeed, this action for monetary relief could have originally been filed in this Court pursuant to 28 U.S.C. § 1332(d)(2) because it is a putative class action wherein at least one Plaintiff is a citizen of a State different from at least one Defendant, and the matter in controversy exceeds $5,000,000 in the aggregate (Compl. ¶¶ 1, 54-61). According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one (1) or more representative persons as a class action.

In the Complaint, Plaintiff alleges that class certification is appropriate and supported by allegations presented in paragraphs 54-61 of the Complaint, pursuant to Massachusetts Rules of Civil Procedure Rule 23:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

5. Accordingly, this action classifies as a class action under by 28 U.S.C. § 1332(d)(1)(B).

### **The CAFA Requirements are Met**

6. Federal district courts have original jurisdiction over any putative class action in which (i) any member of a class of plaintiffs is a citizen of a State different from any defendant and (ii) the amount in controversy exceeds $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied in this case.

**Diversity Requirement**.

The diversity requirement is met in this case, as supported below.

7.       **Citizenship of Plaintiff**.  Plaintiff, the proposed class representative, is a citizen of the state of Massachusetts.  (Compl. ¶¶ 1 and 5).

8.       **Citizenship of Defendants**.   Defendants are all citizens of Oklahoma as explained in further detail below and as supported by the Declaration of Brent Hampton, Esq., attached hereto as Exhibit "A."

    a.  Global is a limited liability company, formed under the laws of Oklahoma with its principal place of business in Oklahoma, and is a citizen of Oklahoma (Compl. ¶ 6). Global is a wholly-owned subsidiary of Global Holdings (Global has no members distinct from those of Global Holdings), whose citizenship is explained next. (Ex. A, Hampton Decl. ¶ 3).

    b.  Global Holdings is a limited liability company, formed under the laws of the State of Oklahoma with its principal place of business in Oklahoma, and is a citizen of Oklahoma (Compl. ¶ 7). Further, Global Holdings has four (4) members, each of which is also a limited liability company formed under the laws of Oklahoma. Each of the four LLCs' citizenship is explained next (Ex. A, Hampton Decl. ¶ 4).

        i.  Global Holdings, LLC Member #1: The Merrick Family, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma (Ex. A, Hampton Decl. ¶ 4(a));

            1.  Members of the LLC: Beverly Merrick, Timothy Merrick, Julie Landers, Amy Merrill, Robert Merrick – all five (5) individuals are citizens of the State of Oklahoma (Ex. A, Hampton Decl. ¶ 4(a)(i)).

    ii. Global Holdings, LLC Member #2: Global Marketing Associates, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma (Ex. A, Hampton Decl. ¶ 4(b));

        1. Members of the LLC:

            a) Soloman International, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma. The only member is Michael Hendrix, an individual and a citizen of the State of Oklahoma (Ex. A, Hampton Decl. ¶ 4(b)(i)(1));.

            b) Hendrix Marketing Group, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma. The only member is Randy Hendrix, an individual and a citizen of the State of Oklahoma (Ex. A, Hampton Decl. ¶ 4(b)(i)(2)).

            c) The Cyrus Group, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma. The only member is Jeffrey Boatman, an individual and a citizen of the State of Oklahoma (Ex. A, Hampton Decl. ¶ 4(b)(i)(3)).

c. Global Holdings, LLC Member #3: Argonaut Private Equity, LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is a citizen of Oklahoma. The only member is George B. Kaiser, an individual and a citizen of the State of Oklahoma (Ex. A, Hampton Decl. ¶ 4(c)).

d. Global Holdings, LLC Member #4: BOKF-CS (Global Holdings), LLC, an Oklahoma limited liability company with its principal place of business in Oklahoma, is an Oklahoma citizen. The only member is BOK Financial Corporation, incorporated in Oklahoma with its principal place of business in Oklahoma, and is a citizen of Oklahoma (Ex. A, Hampton Decl. ¶ 4(d)).

**Value of the Amount in Controversy**.

9.      Based on the factual allegations of the Complaint and the Notice of Removal and accompanying documents, construed as true for the purposes of assessing removal jurisdiction, the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

10.     For instance, Plaintiff alleges a violation of CROA.[2] Pursuant to 15 USC 1679 (g)(1) and (2), a person who violates CROA shall be liable for actual damages (which may be calculated as the amount paid by the person to the credit repair organization), and punitive damages as the court may allow, plus attorneys' fees (in successful actions).

11.     Here, if Plaintiff is successful with her CROA claim, Plaintiff's actual damages (the amount she paid in total to Global and to the debt-relief agency for their respective services) would be $5,053.73 (Ex. A, Hampton Decl. ¶ 5, Exhibit 1). And, Plaintiff alleges that her claims are "typical" of the class members' claims (Compl. ¶ 57). Thus, to meet the threshold CAFA jurisdictional minimum, there would need to be at least 990 class members (990 times $5,053.73 equals $5,003,192.70). Global's records, however, show that there are in excess of 2,000 consumers in Massachusetts, who are clients of debt relief companies, and for whom Global maintains a special purpose account (thus, purported class members) (Ex. A, Hampton

---

2. 15 U.S.C. § 1679-1679(j).

Decl. ¶ 6). Global's records also show that Global and the debt relief companies collected a combined total of in excess of $5,000,000.00 from such consumers for their respective services (Ex. A, Hampton Decl. ¶ 6).

12.     So, based on the CROA claim alone, the CAFA jurisdictional amount in controversy is satisfied. Even if the 2,000 Massachusetts consumers only paid half of what Plaintiff paid in fees to Global and the debt relief company, the sum would surpass $5,000,001.00 jurisdictional amount (*e.g.*, 2,000 times $2,526.87 equals $5,053,730). And, this is even before any punitive damages are considered.

13.     Section 1679(g)(a)(2)(B) specifically provides for a possible award of punitive damages in class actions: any person who fails to comply with CROA is liable for the "aggregate of the amount which the court may allow for each named plaintiff" and the "aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery." If the Court were to award even just $100 per person to the class in punitive damages, the value of the matter in controversy here would increase by at least $2,000,000.00 ($100 times 2,000 consumers).

14.     Setting aside the CROA claim, the CAFA jurisdictional amount in controversy is met based solely on Plaintiff's claims for violations of MCPA. Pursuant to M.G.L. c. 93A(3):

> [I]f the court finds for petitioner, recovery in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two.

15.     As shown above, Plaintiff's alleged actual damages are $5,053.73. Plaintiff's alleged damages, when multiplied by approximately 2,000 consumers, exceed the $5,000,000.00

jurisdictional amount. Add to this that Plaintiff is also seeking treble damages under the CFPA. So, Plaintiff's actual damages would be thereby increased to $15,161.19. And, this number multiplied by 2,000 purported class members amounts to potential damages award of in excess of $30,000,000.00. Considering these numbers for removal purposes only and taking Plaintiff's allegations that her claim is "typical" of the claims of each member of the class(es) she represents (Compl. ¶ 57), there can be no doubt that the CAFA jurisdictional minimum is met in this case.

16.     Moreover, before Plaintiff filed this lawsuit, she sent a demand letter to Global's counsel, wherein she demanded $150,000.00 as a resolution of her *individual* claims. So, Plaintiff clearly views her individual claims in this lawsuit as being worth $150,000.00 (Ex. A, Hampton Decl. ¶ 7, Exhibit 2).[3] Taking Plaintiff's allegation that her claim is "typical" of the purported class and is further worth $150,000.00, the potential damages exceed $5,000,000.00 (2,000 times $150,000 equals $300,000,000.00).

###   b. **Federal Question Jurisdiction.**

17.     This Court also has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c). This claim could have originally been filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States." In Count IV of the Complaint, Plaintiff brings a claim against Defendants for alleged violations of the federal CROA (Compl. ¶¶ 4, 47-49)—*i.e.*, a law of the United States. Plaintiff asserts that Defendants charged and received money or other valuable consideration for the performance of credit repair services that

---

3. Of course Defendants do not admit that Plaintiff would be entitled to damages that meet or exceed $5,000,000.00. Defendants only seek to establish that they have met their burden of showing the sum or value of the matter in controversy is sufficient to satisfy 28 U.S.C. § 1332(d).

Defendants allegedly agreed to perform before such services were fully performed in violation of Section 404(b) of CROA.[4]

18.    In addition to the federal CROA claim, in Counts I, II, and III of the Complaint, Plaintiff asserts a claim for violation of the federal CFPA, also a law of the United States, against Defendants Global, Merrick, and Hendrix (Compl. ¶¶ 4, 34-46). Plaintiff claims that Global is a "covered person," as defined under 15 U.S.C. § 5481(6), that has violated the CFPA by engaging in unfair, deceptive, or abusive act or practice.[5] Plaintiff further alleges that Defendants Global Holdings, Merrick, and Hendrix are "related persons" as defined under 15 U.S.C. § 5481(25), who have also engaged in similar unfair, deceptive, or abusive act or practice thereby violating the federal CFPA. Plaintiff's CFPA claims against Defendants are predicated upon violations of the TSR – also a law of the United States.

19.    Accordingly, as four out of Plaintiff's five claims in this lawsuit are based on alleged violations of four separate federal acts, this Court has federal question jurisdiction over this matter and this case is removable to the United States District Court of Massachusetts.

20.    Furthermore, in Count V of the Complaint, Plaintiff asserts Global violated Massachusetts law—specifically the MCPA. Plaintiff's state law claim is removable as it is within this Court's supplemental jurisdiction. "[A] federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be

---

4. 15 U.S.C. § 1679(b) states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."
5. Pursuant to 15 U.S.C. § 5536(a), it is unlawful for "[a]ny covered person or service provider to offer or provide to a consumer any financial product or service not in conformity with Federal consumer financial law, or otherwise commit any act or omission in violation of a Federal consumer financial law; or … to engage in any unfair, deceptive, or abusive act or practice."

expected to try them both in one judicial proceeding.""" *Vera-Lozano v. International Broadcasting*, 50 F.3d 67, 70 (1st Cir. 1995). Because, this Court has federal question jurisdiction over the CROA, CFPA, and TSR claims, it also has and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the MCPA claim, as well.  This is so, because the state law claim is so related to claims in the action that fall within the Court's original jurisdiction in that it forms part of the same case or controversy. Indeed, all allegations making up the MCPA claim are the same as those alleged to support the federal claims. Finally, Plaintiff's state law claim does not raise any novel or complex issues of state law.  Thus, supplemental jurisdiction is proper here.

**Rule of Unanimity**

21.    With respect to Federal Question, Defendants must satisfy the Rule of Unanimity. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."[6] Here, all Defendants have been served and have also joined in this Removal, thus, the rule of unanimity is satisfied.[7]

**III. Notice Given.**

22.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk

---

6. *Frankston v. Denniston*, 376 F. Supp. 2d 35, 38 (D. Mass. 2005)(As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition. This rule of unanimity requires that all defendants file their notice of removal or consent to removal within thirty days of being served, and failure to do so constitute a defect in the removal procedure and is grounds for remand.)

7. Notably, under CAFA "[a] class action may be removed to a district court of the United States ... without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

of the Civil Division of the Middlesex County, Superior Court of Massachusetts. A copy of the

Notice of Filing of Notice of Removal is attached as Exhibit "B."

### IV. Removal is Timely Filed.

23.     This Notice has been timely filed within thirty (30) days of Defendants' receipt of

the Complaint, as required by 28 U.S.C. § 1446(b)(2)(B). Moreover, pursuant to 28 U.S.C. §

1446(b)(2)(C) "[i]f defendants are served at different times, and a later served defendant files a

notice of removal, any earlier-served defendant may consent to the removal even though that

earlier-served defendant did not previously initiate or consent to removal." Here, however, all

Defendants were served with the summons and Complaint on June 9, 2015. Thus, this removal is

timely.

### V. Pleadings and Process.

24.     As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state

court process and copy of the Complaint to this Notice of Removal. True and correct copies of

same are attached hereto as Composite Exhibit "C."

### VI. Venue.

25.     Pursuant to 28 U.S.C. § 1441(a), venue in this district is proper because this

action is currently pending in the Civil Division of the Middlesex County, Superior Court of the

Commonwealth of Massachusetts, a court sitting within the United States District Court, District

of Massachusetts.

### VII.    Non-Waiver of Defenses.

26.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of

Defendants' right to assert any defense or affirmative matter, including without limitation a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12 and a motion to compel arbitration pursuant to the Federal Arbitration Act.

   **ACCORDINGLY**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), 1446, and CAFA as codified as 28 U.S.C. §§ 1332(d) and 1453, this Court has jurisdiction over this matter, and Defendants hereby removes this action from the Civil Division of Middlesex County, Superior Court of the Commonwealth of Massachusetts, to this Court.

Respectfully submitted this 6th day of July, 2015.

Respectfully Submitted,

GLOBAL CLIENT SOLUTIONS, LLC,
GLOBAL HOLDINGS, LLC, ROBERT
MERRICK and MICHAEL HENDRIX

By their attorneys

/s/ Michael C. Birch
Thomas E. Lent, Esq. (644970)
Michael C. Birch, Esq. (679976)
Lurie, Lent & Friedman, LLP
One McKinley Square,
Boston, MA 02109
T:  617-637-1970
tlent@lurielent.com
mbirch@lurielent.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was served on the following counsel of record via U.S. Mail and email on this 6th day of July, 2015.

James W. Simpson, Jr., Esq.
Law Offices of James Simpson, P.C.
100 Concord Street, Suite 3b
Framingham, MA 01702
*Attorney for Plaintiffs*

John K. Vigliotti, Esq.
Andrew Gambaccini, Esq.
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace,
Worcester, MA 01608
*Attorney for Plaintiffs*

*/s/ Michael C. Birch*
Michael C. Birch, Esq. (679976)
Lurie, Lent & Friedman, LLP
*Attorney for Defendants*
