TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-2378

Chrestina Cunha , Plaintiff(s)

v.

Global Client Solutions LLC. , Defendant(s)

## SUMMONS

To the above-named Defendant: Global Client Solutions, LLC.

You are hereby summoned and required to serve upon Janel Simpson

............................... plaintiff's attorney, whose address is 100 Concord Street

Suit 3B, Framingham, MA 01702 ..................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... WUBURN ..............

....................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at ...................................................

the ............ 4th ....................................... day of ... June ..............................

...................., in the year of our Lord .. 2015............................... .

............................................................

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ………………………………………………………………………………….
20………, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

……………………………………………………………………………………………………………………………………

……………………………………………………………………………………………………………………………………

……………………………………………………………………………………………………………………………………

…………………………………………………………………………………

Dated: ………………………………………………………………………………, 20……….

## N.B. TO PROCESS SERVER:
### PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )

( ………………………………………, 20………. )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-3878

MIDDLESEX ……., ss.

CUNA ……… Plff.

v.

Overcharged Services LLC ……… Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-2378

MIDDLESEX ............ , ss

Chentha Cunha , Plaintiff(s)

v.

Global Client Holdings LLC , Defendant(s)

### SUMMONS

To the above-named Defendant: Global Client Holdings, LLC.

You are hereby summoned and required to serve upon .... Jarel Jipsan

................................ plaintiff's attorney, whose address is .. 100 Concord St, Wilss

Framyam i moita ................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. Woburn

................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at .............................

the .......... 4th ................... day of .. June ...............................

.................., in the year of our Lord .. 2015 ................ .

................................
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ..................................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................................................

..........................................................................................................................................................................

..........................................................................................................................................................................

                                    ............................................................................

Dated: .........................................................................................................., 20...........


**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .............................................., 20.......... )

( _____ )


**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-2370

MIDDLESEX ......., ss.

Cuna ....................... Plff.

v.

Glececledt HWG ............ Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

............ MIDDLESEX ............ , ss

No. ....15-2378....

Christina Cunha.................. , Plaintiff(s)

v.

Robert Merrick.................. , Defendant(s)

## SUMMONS

To the above-named Defendant: Robert Merrick

You are hereby summoned and required to serve upon ............ James Whalen ............

............................ plaintiff's attorney, whose address is ...100 Canal St ......

..Suite 35, Framingham, MA 01702............, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

Woburn.......................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at ...................................

the ................4th................ day of ......June......

...................., in the year of our Lord ...2015...................... .

...................................................
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.........................................................................................................................
.........................................................................................................................
.........................................................................................................................
                              ...................................................................

Dated: ..................................................................................., 20..........

## N.B.  TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
(     ............................., 20.......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-2376

MIDDLESEX .........., ss.

....................., Plff.
v.
....................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.............. MIDDLESEX .............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 15-2378

*Christina Cunha* , Plaintiff(s)

v.

*Michael Hendrix* , Defendant(s)

## SUMMONS

To the above-named Defendant: *Michael Hendrix*

You are hereby summoned and required to serve upon ...... *Jane Simpson* ......

.................................................. plaintiff's attorney, whose address is ..................................
*100 Concord St, Unit 3B, Framingham, MA 01702* an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..................................

*Woburn* ............................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at ..................................

the ............... *4th* ............... day of ...... *June* ..................................

...................., in the year of our Lord .. *2015* ............................ .

.............................................................
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

    I hereby certify and return that on ..................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

                    ..........................................................................

Dated: ................................................................................, 20..........


**N.B.  TO PROCESS SERVER:**
      **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
      ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

(    .............................................., 20.......... )

( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION No. 15-2510

MIDDLESEX ......, ss.

.............................., Plff.

v.

.............................., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1581CV02378 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Christina Cunha Individually and on Behalf of A group of similarly situated individuals vs. Global Client Solutions,LLC an Oklahoma limited liability Comp. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO: James W. Simpson, Esq.<br>Law Offices of James W. Simpson, Jr., P.C.<br>100 Concord Street, Suite 3B<br>Framingham, MA 01702 | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/07/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 08/06/2015 | |
| All motions under MRCP 12, 19, and 20 | 08/06/2015 | 09/08/2015 | 10/05/2015 |
| All motions under MRCP 15 | 08/06/2015 | 09/08/2015 | 10/05/2015 |
| All discovery requests **and depositions** served and non-expert despositions completed | 02/02/2016 | | |
| All motions under MRCP 56 | 03/03/2016 | 04/04/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/01/2016 |
| Case shall be resolved and judgment shall issue by | | | 04/07/2017 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>04/08/2015 | ASSISTANT CLERK | PHONE<br>(781)939-2748 |
|---|---|---|

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   MIDDLESEX | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Christina Cunha | Global Client Solutions, LLC., Global Holdings, LLC., Robert Merrick, Michael Hendrix |

| Plaintiff Atty | James W. Simpson, Jr. | | Type Defendant's Attorney Name |
|---|---|---|---|
| Address | 100 Concord Street, Suite 3b | | Defendant Atty |
| | | | Address |
| City | Framingham | State MA   Zip Code 01702 | City   State   Zip Code |
| Tel. | +1 (508) 872-0002 | BBO# 634,344 | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO.          TYPE OF ACTION (specify)          TRACK | IS THIS A JURY CASE? |
|---|---|
| **A99 Other (specify ) - Fast Track** | ⦿ ] Yes    ⦶ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses                         $ _____
   2.  Total doctor expenses                           $ _____
   3.  Total chiropractic expenses                    $ _____
   4.  Total physical therapy expenses             $ _____
   5.  Total other expenses (describe)             Subtotal $ _____
B.  Documented lost wages and compensation to date    $ _____
C.  Documented property damages to date           $ _____
D.  Reasonably anticipated future medical expenses    $ _____
E.  Reasonably anticipated lost wages and compensation to date    $ _____
F.  Other documented items of damages (describe)       $ _____
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                         Total $ _____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| violations of G.L. c. 93A and CFPA | TOTAL   $ 75,000.00 |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____      Date:   Apr 6, 2015

A.O.S.C. 3-2007

COMMONEALTH OF MASSACUSETTS

RECEIVED
JUN 0 9 2015
By

MIDDLESEX, ss

SUPERIOR COURT DEPT.
Civil Action No.

CHRISTINA CUNHA, individually and on behalf
of a group of similarly situated individuals,
Plaintiffs,
v.
Global Client Solutions, LLC,
an Oklahoma limited liability
company;
Global Holdings LLC, an Oklahoma
limited liability company;
Robert Merrick, an individual; and
Michael Hendrix, an individual;
Defendants.

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED,
PROPOSED CLASS ACTION
AND JURY DEMAND**

**INTRODUCTION:**

1.  The instant complaint is brought on behalf of the Plaintiff, Christina Cunha, and other

    similarly situated individuals (hereinafter collectively "Plaintiffs").  The Plaintiffs seek

    certification of a class of Massachusetts-wide consumers who were victimized by the

    debt relief scheme orchestrated by the Defendants.  In this action, the Plaintiffs seek to

    recover compensation for these violations, statutory trebling of related damages, and

    attorney's fees and costs as provided for by law.

**JURISDICTION AND VENUE:**

2.  This Court has subject-matter jurisdiction because this action is brought

    pursuant to M.G.L. c. 93A  and other related laws.

1

3. Venue is proper in this Court because a substantial amount of the transactions, acts, practices, and courses of conduct constituting violations of Federal and State consumer financial laws occurred within this County.

## STATUTORY CLAIMS:

4. The Plaintiffs bring this action against Global Client Solutions, LLC ("GCS"), Global Holdings LLC (the "Parent Company"), Robert Merrick, and Michael Hendrix (collectively, "Defendants"), under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d); based on violations of the Telemarketing Sales Rule("TSR"), 16 C.F.R. pt. 310, and sections 1031(a) and 1036(a) of the CFPA, 15 U.S.C. Sections 1679-1679j; as well as violations of M.G.L. c. 93A, § 9. In particular, this action is based on Defendants' facilitation of TSR violations by debt-relief service providers ("DRSPs") with which they do business.  The Plaintiff herein seeks a certification of Massachusetts individuals who were subjected to the violations asserted herein.

## PARTIES:

5. The Plaintiff, Christina Cunha, is an individual who resides in Framingham, County of Middlesex, Commonwealth of Massachusetts.

6. Defendant Global Client Solutions, LLC is a limited liability company organized under the laws of Oklahoma and is wholly-owned by Global Holdings LLC. GCS does business in every state of the United States, including Massachusetts. GCS offers and provides account maintenance and payment-processing services to DRSPs and consumers. These services are consumer financial services under the CFPA. 12 U.S.C. §

5481(15)(A)(viii)(II). GCS is therefore a "covered person" under the CFPA. 12 U.S.C. §
5481(6).

7. Defendant Global Holdings LLC, is a limited liability company organized
under the laws of Oklahoma and—through its subsidiary, agent or alter-ego, GCS—does
business in every state of the United States, including Massachusetts. The Parent
Company is a controlling shareholder of GCS and is, therefore, a "related person" under
the CFPA. 12 U.S.C. § 5481 (25)(C)(i)-(ii).

8. GCS and its Parent Company (collectively, "Global") share a common board
of directors, common officers, common office space, and common ownership, such that
they constitute a single business enterprise.

9. Defendant Robert Merrick co-founded GCS and is the chairman of the board of directors
of the Parent Company. Merrick has managerial responsibility for GCS and materially
participates in the conduct of its affairs, including its payment-processing services for
DRSPs. Merrick is therefore a "related person" under the CFPA. 12 U.S.C. §
5481 (25)(C)(i)-(ii).

10. Defendant Michael Hendrix is the Chief Executive Officer of GCS. Hendrix
has managerial responsibility for GCS and materially participates in the conduct of its
affairs, including its payment-processing services for DRSPs. Hendrix is therefore a
"related person" under the CFPA. 12 U.S.C. § 5481 (25)(C)(i)-(ii).

## FACTS

11. In exchange for a fee, DRSPs promise to help consumers reduce or eliminate

their unsecured debts by enrolling consumers in a debt-relief program. The Plaintiff enrolled in a debt relief program with a DRSP company called NEOC, LLC, which was based out of Florida.

12. As part of entering into a debt relief program, the Plaintiff and others are required to fill out numerous forms and agreements. One such form requires the debtor to list his or her creditors including the type of credit, status of account, creditor name, account number, balance, interest rate and current monthly payment. The Plaintiff completed said forms and provided her creditor information to NEOC, LLC.

13. A so-called debt settlement payment plan/fund transfer schedule/fee schedule is generated by the DRSP wherein the debtor agrees to have a certain amount taken from their bank account each month over a fixed period of time. These funds are withdrawn by Global.

14. Generally, when consumers enroll in a debt-relief program, they also are required to enter into a separate agreement with Global, which establishes and maintains a "Custodial Account" for the consumer. This account is purportedly where funds are used to pay the debtors' creditors.

15. After a consumer enrolls in a debt-relief program, the DRSP instructs the consumer to stop making payments toward their unsecured debts and instead to make monthly payments to Global for deposit into the consumer's Custodial Account.

16. These monthly payments are supposed to cover three things: (i) the DRSP's fee for debt relief services; (ii) Global's fee for account-maintenance services; and (iii) the consumer's savings, which are set aside for future settlements of the consumer's debts, as negotiated by the DRSP.

17. More often than not, as was the case for the Plaintiff, the DRSP fails to negotiate with the debtors' creditors and virtually all of the monthly payments withdrawn from the Plaintiff's bank account go toward up-front fees for debt relief services, account maintenance services, customer and transaction fees imposed by Global and the DRSP.

18. Since July, 2010, Global has made monthly withdrawals from the Plaintiff's bank account for supposed debt relief services. Global continued to make these withdrawals from the Plaintiff's bank account until January, 2014.

19. Since October 27, 2010, the TSR has prohibited DRSPs from requesting or receiving fees from a consumer for debt-relief services before (i) the DRSP has renegotiated, settled, reduced, or otherwise altered the terms of at least one of the consumer's debts and (ii) the consumer has made at least one payment pursuant to a debt settlement agreement or other contractual arrangement between the consumer and one of his or her creditors. *See* 16 C.F.R. § 310.4(a)(5)(i).

20. Neither Global nor NEOC, LLC renegotiated, settled, reduced or otherwise altered the terms of at least one of the Plaintiff's debts. Not one of her payments made to the custodial account maintained by Global were used to make any payments pursuant to a debt settlement agreement or any other contractual arrangement between her and one of her creditors. In fact, of the 5 creditors the Plaintiff listed on her schedule in forms filled out with NEOC, LLC, not one received any payments from the amounts withdrawn from her account each month. Several of the credit card companies to which the Plaintiff owed money commenced civil proceedings against the Plaintiff in Massachusetts Courts and obtained judgments against her for the unpaid debt. The total amount deducted each month from the Plaintiff's bank account from July, 2010 to January, 2014 exceeded the

amount she originally owed to her creditors at the time of her entering into a debt relief program. The Plaintiff would have been better off negotiating with her creditors on her own and making significantly less payments to resolve her debts in full.

21. In fact, NEOC, LLC, the DRSP for which the Plaintiff enrolled in a so called debt relief program, either ceased doing business or filed for bankruptcy in 2013. Despite this, Global continued thereafter to withdraw sums each month from the Plaintiff's account and continued to charge her monthly maintenance fees.

22. Many of the DRSPs for which Global processed payments improperly claimed to be exempt from the TSR based on unsubstantiated exemptions (e.g., an "intrastate" exemption) and unrecognized exemptions (e.g., a "legal" exemption) and routinely charged advance fees for debt-relief services, in violation of the TSR.

23. Since October 27, 2010, Global processed payments for tens of thousands of consumers who were charged tens of millions of dollars in unlawful advance fees for debt-relief services. Upon information and belief, many such consumers were from the State of Massachusetts.

24. For each consumer who was charged an unlawful advance fee, Global was responsible for actually transmitting, and did transmit, the fees from a consumer's Custodial Account to his or her DRSP.

25. At the time Global transmitted these fees, it knew, based on its own account records, that it had not yet transmitted any funds from the consumer's Custodial Account to a creditor. Global thus knew that it was transmitting fees to DRSPs that had not yet settled consumers' debts, and that the DRSPs were not entitled to an advance fee.

26. Since October 27, 2010, Global has received hundreds of complaints from or

on behalf of consumers concerning fees paid in connection with debt-relief services.

26.   Despite these complaints, Global continued to transmit unlawful advance fees to DRSPs including the DRSP used by the Plaintiff.

27.   As persons with managerial responsibility for, and who materially participate in, the conduct of the affairs of Global, Merrick and Hendrix are intimately familiar with Global's corporate affairs. They actively participate in Global's payment processing business for DRSPs. Merrick and Hendrix also have personally profited from Global's activities.

28.   Merrick and Hendrix knew or should have known that Global provided substantial assistance to DRSPs by processing payments on their behalf and that DRSPs were charging and collecting unlawful advance fees.

29.   On or about August 25, 2014, Global, Merrick and Hendrix, entered into a stipulated final judgment and consent order with the Consumer Financial Protection Bureau before the United States District Court for the Central District of California under docket number 14-04663.  In said judgment and consent order, Global, Merrick and Hendrix, agreed to pay a civil money penalty to the bureau along with monetary compensation to consumers of California subjected to the violations of the TSR and CFPA cited above.  The final judgment entered against Global, Merrick and Hendrix, cited the majority of the allegations in paragraphs 11-27 above.

30.   Global participated in numerous consumer transactions with the Plaintiff wherein Global would collect significant up-front and/or advanced fees each month for debt relief services it never provided.

31.   Such actions as described above in furthering Global's fraudulent debt relief scheme were unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A.

32.   On or about November 10, 2014, the Plaintiff, through counsel, tendered a M.G.L. c. 93A demand letter to Global, Merrick and Hendrix via certified mail, return receipt requested.

33.   Global has responded that it was, in essence, acting as a bank for the deposit of the Plaintiff's funds.

## COUNT I
### (Global's Violations of the TSR and the CFPA)

34.   The allegations in paragraphs 1-33 are incorporated here by reference.

35.   Global provided substantial assistance to its DRSP partners by processing payments on their behalf which included advanced fees.

36.   Global knew or consciously avoided knowing that its DRSP partners were charging and collecting advance fees in violation of the TSR.

37.   Global's conduct violated the TSR's ban on assisting and facilitating others' violations of that rule. 16 C.F.R. § 310.3(b).

38.   Global itself charged consumers advanced fees in violation of the TSR.

39.   Because GCS is a "covered person," its conduct is unlawful under sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1).

40.   Because Global Holdings, LLC is a "related person," Global Holdings, LLC is deemed a "covered person" for purposes of the CFPA. 12 U.S.C. § 5481(25) and its conduct is unlawful under sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1).

## COUNT II
### (Merrick's Violations of the TSR and the CFPA)

41. The allegations in paragraphs 1-40 are incorporated here by reference.

42. Because he is a "related person," Merrick is deemed a "covered person" for purposes of the CFPA. 12 U.S.C. § 5481(25).

43. Merrick is liable for violations of the TSR, 16 C.F.R. § 310.3(b) and sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1).

## COUNT III
### (Hendrix's Violations of the TSR and the CFPA)

44. The allegations in paragraphs 1-43 are incorporated here by reference.

45. Because he is a "related person," Hendrix is deemed a "covered person" for purposes of the CFPA. 12 U.S.C. § 5481(25).

46. Hendrix is liable for violations of the TSR, 16 C.F.R. § 310.3(b) and sections 1031(a) and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1).

## COUNT IV
### (Violations of 15 U.S.C. Sections 1679-1679j)

47. In numerous instances, in connection with its business dealings with DRSPs and/or credit repair organizations, as that term is defined in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C. § 1679a(3), Defendants have charged or received money or other valuable consideration for the performance of credit repair services that Defendants have agreed to perform before such services were fully performed.

48. Defendants' acts or practices, as described in Paragraphs above, violate section 404(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679b(b).

49.    As a result of such violations, the Plaintiff and others have suffered and continue to suffer damages.

**COUNT V**
**(Violations of M.G.L. c. 93A Section 9)**
**(As against Global)**

50.    The allegations in paragraphs 1-49 are incorporated here by reference.

51.    Global engaged in a numerous business transactions within the Commonwealth of Massachusetts with the Plaintiff and other similarly situated individuals.

52.    These transactions, and the conduct of the Defendant, Global, set forth above, were unfair and deceptive in violation of G.L. c. 93A Section 9.

53.    As result of said conduct, the Plaintiff and others have suffered and continue to suffer damages.

**CLASS ACTION ALLEGATIONS:**

54. The Plaintiff is a member of the Class she seeks to represent.  The Class members can be identified using records in the Defendants' control and kept by the Defendants in the usual course of their business.  Class members will be able to receive notice related to this class action through direct mailings to addresses maintained in the usual course of the Defendants' business.

55. The Class members are so numerous that joinder of all their members would be impracticable.  On information and belief, over the relevant period, the Defendants have utilized custodial accounts for debt relief services and charged up-front or advanced fees as described above for more than 100 individuals in Massachusetts.

56. The Defendants engaged in a common course of conduct that violated the legal rights of the Plaintiff and the Class members.  Individual questions, if any, pale by comparison to

10

the numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiff's claims, including whether the Defendants violated the TSR and CFPA as well as G.L. c. 93A.

57. The Plaintiff's claims are typical of the claims belonging to absent Class members. The Plaintiff and the absent Class members are similarly-situated consumers who utilized debt-relief services and who were charged up-front or advanced fees by the Defendants in violation of the TSR and CFPA.

58. The Plaintiff will fairly and adequately assert and protect the interests of absent Class members. There is no apparent conflict of interest between the Plaintiff and the absent Class members. The Plaintiff is familiar with the facts that form the bases of the Class members' claims.

59. The Plaintiff has retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiff's counsel have successfully prosecuted many complex Class actions and will fairly and adequately protect the interests of the absent Class members; and

60. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiff seeks to remedy a shared legal grievance (e.g., violations of the TSR and CFPA) and shared harm (e.g., transaction fees, processing fees and unpaid debts) on behalf of a Class of similarly-situated consumers.

61. The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiff's claims. The relief sought by individual Class members is

small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the Defendants' conduct.  Individual litigation of the legal and factual issues raised by the Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

**DEMAND FOR RELIEF:**

Wherefore, the Plaintiff requests that the Court, as permitted by 12 U.S.C. § 5565 and G.L. c. 93A:

a. Permanently enjoin Defendants from committing future violations of the CFPA, 12 U.S.C. §§ 5531, 5536, the TSR, 16 C.F.R. pt. 310, or any other provision of federal consumer-financial law, as defined by 12 U.S.C. § 5481(14), as well as G.L. c. 93A;
b. Grant additional injunctive relief as the Court may deem to be just and proper;
c. Award damages or other monetary relief against Defendants;
d. Award restitution against Defendants in the amount of all fees collected from consumers in violation of the TSR's advance fee ban;
e. Order disgorgement of all ill-gotten profits against Defendants;
f. Award Attorney's fees against the Defendants;
g. Award Plaintiff's costs against Defendants; and
h. Award additional relief including statutory trebling of damages as the Court may determine to be just and proper.

The Plaintiff, Christina Cunha,
By her attorneys,

James W. Simpson, Jr.
Law Offices of James Simpson, P.C.
100 Concord Street, Suite 3b
Framingham, MA 01702
(508) 872-0002
BBO#634344

John K. Vigliotti, BBO # 642337
Andrew Gambaccini, BBO # 654690
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01608